**Petition of Robert BAVE, Surviving Partner of the Firm of Robert Bave, and R. E. Russell, Individually and as Co-Partners Trading as Hueber's Launch Service, as Owners of LAUNCH MAJESTIC for Limitation of Liability.**

**Robert Bave, Appellant.**

**No. 14012.**

United States Court of Appeals
Third Circuit.

Argued Jan. 8, 1963.

Decided Feb. 25, 1963.

John J. Tinaglia, Philadelphia, Pa. (Michael A. Foley, Philadelphia, Pa., on the brief), for appellant.

Leon H. Kline, Philadelphia, Pa., for appellee Paul M. Goldstein.

Thomas E. Byrne, Jr., Philadelphia, (Krusen Evans & Byrne, Philadelphia, Pa., on the brief), for appellee Sinclair Refining Co.

Before KALODNER, HASTIE and GANEY, Circuit Judges.

PER CURIAM.

The appellant, Bave, moved below for leave to discontinue a limitation proceeding which he had instituted, and which, at the time of the motion, had progressed to the point where the District Court, after trial, had denied limitation or exoneration and directed that the proceed-

ing continue to determine damages as to the claimant. This appeal is taken from the Order of the District Court which denied Bave's motion for leave to discontinue and at the same time granted the petition of claimant's counsel for leave to prosecute to judgment the limitation proceeding, directing, however, that hearing first be had on the allegations of counsel's petition. Such allegations set forth serious charges of misconduct of a party or his agents and concern counsel's fees and costs growing out of the very limitation proceeding before the District Court.

■■ Appellant seeks to have us set aside this Order and to direct dismissal of the limitation proceeding. However, we are met at the very outset with a question of our appellate jurisdiction: a motion to dismiss the appeal for want of an appealable order has been made. We are of the opinion that the motion to dismiss the appeal must be sustained.

The Order appealed from is clearly not a final decision under 28 U.S.C. § 1291. We do not understand Bave to contend that it is. Bave does contend that it is an interlocutory order appealable under 28 U.S.C. § 1292(a) (3). Not every interlocutory order is appealable under this section: it must determine "rights and liabilities of the parties." On this we have twice declared ourselves quite recently. Cummings v. Redeeriaktieb Transatlantic, 242 F.2d 275 (3 Cir. 1957); United States v. The Lake George, 224 F.2d 117 (3 Cir. 1955); see also Bergeron v. Koninklijke Luchtvaart Maatschappij, N.V., 299 F.2d 78 (2 Cir. 1962); Allen N. Spooner & Son, Inc. v. Connecticut Fire Insurance Co., 297 F.2d 609 (2 Cir. 1962).

Neither the merits of the petition nor of appellant's defenses has been determined by the Order from which this appeal is taken. Indeed, the court below has only determined that it will hear the proofs. Should we affirm the Order, the cause would not be ended, since the petitioner below must go ahead with his evidence. In effect, appellant complains that he must go to hearing on the peti-

tion, but until he does and until the District Court determines whether he has succeeded or failed, the rights and liabilities of the parties have not been determined as required by the statute.

For the reasons stated the appeal will be dismissed.