860 F.2d 87
 1989 A.M.C. 149, 49 Ed. Law Rep. 1131
 Donald E. BURGBACHER, Personally and as Administrator of the
Estate of Michael K. Burgbacher, Deceased and
Pauline Burgbacher
v.
UNIVERSITY OF PITTSBURGH, Institute for Shipboard Education,
Ernest Ainslee M.D., Sea Wise Foundation, Chee
Chen Tung and John Doe
Appeal of The INSTITUTE FOR SHIPBOARD EDUCATION and Dr.
Ernest Ainslie, Appellants.
 No. 88-3300.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
Sept. 26, 1988.
Decided Oct. 25, 1988.
 
 Robert W. Murdoch, Grogan, Graffam, McGinley & Lucchino, P.C., Pittsburgh, Pa., for appellants.
 Leo J. Breslin, Mark A. MacDonald, Lindhorst & Dreidame, Cincinnati, Ohio, for appellees.
 Before GIBBONS, Chief Judge, SEITZ, Circuit Judge, and POLLAK, District Judge*.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 Two of the defendants in the district court appeal from an order of the district court denying their motion for summary judgment. They invoke 28 U.S.C. Sec. 1292(a)(3) as the basis for appellate jurisdiction. Plaintiffs have moved to dismiss the appeal, arguing that the present record does not support such appellate jurisdiction.
 
 
 2
 Plaintiffs, the parents of Michael K. Burgbacher, instituted this action in the district court against several defendants, invoking admiralty and diversity jurisdiction. Their claims arose out of their son's death while a staff member of the Semester at Sea Program sponsored by the University of Pittsburgh.
 
 
 3
 The two appealing defendants are the Institute for Shipboard Education, the employer of the decedent and the lessor of the vessel, and Ernest Ainslie, a physician aboard the vessel. The claims against the appealing defendants are based on Pennsylvania's Survival Act and the Death on the High Seas Act.
 
 
 4
 The district court denied appealing defendants' motion for summary judgment on those claims and they appeal under 28 U.S.C. Sec. 1292(a)(3) which permits appeals of:
 
 
 5
 (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.
 
 
 6
 We look first to the order incorporating the appealed decisions that were adverse to appellants and then decide whether the substantial rights and liabilities of appellants were determined within the meaning of section 1292(a)(3). First, contrary to appellants' contention, the district court ruled that the California Workmen's Compensation Law did not bar plaintiffs' claims. Next, contrary to appellants' assertion, the district court ruled that a claim could be asserted under the Pennsylvania Survival Act and need not be brought under general maritime law.
 
 
 7
 Did either such ruling determine a right or liability of the appellants within the meaning of 28 U.S.C. Sec. 1292(a)(3)? The case law construing the statute does not take a particularly expansive view of the subsection because the traditional interpretation of the statute was that it permitted an appeal in admiralty after a determination of liability but before the assessment of damages. See Petition of Bave, 314 F.2d 335 (3d Cir.1963); Francis v. Forest Oil Corp., 798 F.2d 147 (5th Cir.1986). While the case law has expanded the construction of the statute in some respects, e.g., Kingstate Oil v. M/V Ocean Star, 815 F.2d 918 (3d Cir.1987), we are satisfied that the subsection does not apply here because a liability determination has not been made on either claim.
 
 
 8
 To treat these rulings, though meaningful, as coming within the statute would make every substantial legal ruling in admiralty proceedings immediately appealable even though liability remained undetermined. We believe such a construction would read too much into the statute,[1] policy considerations aside.
 
 
 9
 An order dismissing the appeal will be entered.
 
 
 
 *
 The Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 In view of our dismissal, we need not address appellees' contention that, in any event, the determination of the Survival Act claim was not appealable because it is diversity based and thus not encompassed within the admiralty subject matter required by section 1292(a)(3)