

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-21-2002

# In Re: In The Matter Of

Precedential or Non-Precedential: Precedential

Docket No. 01-4144

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"In Re: In The Matter Of " (2002). *2002 Decisions.* Paper 524.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/524

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed August 21, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4144

IN THE MATTER OF THE COMPLAINT OF PMD
ENTERPRISES, INC., AS OWNER OF THE VESSEL BETH
DEE BOB, FOR EXONERATION FROM AND LIMITATION
OF LIABILITY

LISA MCLAUGHLIN,
as wife and Personal Representative of the
Estate of Edward J. McLaughlin, Deceased,
        Appellant

v.

CAPE MAY FOODS, INC. and PETER A. LAMONICA

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 00-cv-00161)
District Judge: Hon. Garrett E. Brown, Jr.

Argued July 24, 2002

Before: SLOVITER, NYGAARD and BARRY, Circuit  Judges

(Filed: August 21, 2002)

        Marvin I. Barish (Argued)
        Marvin I. Barish Law Offices
        Philadelphia, PA 19106

         Attorney for Appellant



        David R. Hornig (Argued)
        Julia M. Moore
        Nicoletti, Hornig, Campise &
         Sweeney
        New York, NY 10005

         Attorneys for Appellees

OPINION OF THE COURT

SLOVITER, Circuit Judge:

Lisa McLaughlin, widow of Captain Edward McLaughlin
and representative of his estate, appeals the denial of
summary judgment on a counterclaim asserted by
defendant PMD Enterprises, her late husband's employer.
McLaughlin predicates our jurisdiction over the District

Court's order denying her motion to dismiss the counterclaim on 28 U.S.C. S 1292(a)(3) (2002), which allows for interlocutory appeals in admiralty. Because we conclude that S 1292(a)(3) does not permit an interlocutory appeal under the facts of this case, we shall dismiss this appeal for lack of jurisdiction.

I.

FACTS AND PROCEDURE

On January 6, 1999, the clamming vessel Beth Dee Bob sunk off the coast of New Jersey. All four crew members died, including Captain McLaughlin. At the time, the ship was returning home fully loaded with seventy cages of clams.

The Beth Dee Bob was owned by PMD Enterprises, the employer of the crew members. Peter Lamonica owns fifty percent of PMD and also owns fifty percent of Cape May Foods.

On March 31, 1999, Lisa McLaughlin filed a wrongful death suit against PMD under the Jones Act, 46 U.S.C. S 688 (2002), in the United States District Court for the

Eastern District of Pennsylvania. PMD filed a petition for limitation of liability in the United States District Court for the Eastern District of New York on May 7, 1999, which was transferred to the Eastern District of Pennsylvania and then consolidated with the wrongful death suit. McLaughlin then filed essentially the same wrongful death action against Cape May Foods in the Eastern District of Pennsylvania. The district court in Pennsylvania dismissed the complaint against PMD for lack of personal jurisdiction and transferred the remaining actions to the United States District Court for the District of New Jersey.

On December 1, 1999, McLaughlin filed a separate wrongful death action against Peter Lamonica alleging that his negligence was the cause of Captain McLaughlin's death. This action was consolidated with the limitation action and the wrongful death action against Cape May Foods. Thereafter, the case was assigned to a magistrate judge.

In October 2000, PMD requested leave to file a counterclaim against McLaughlin for property loss sustained when the ship sank allegedly due to Captain McLaughlin's negligence. McLaughlin objected to the request, claiming that shipowners were barred from suing employees for negligence under the Jones Act and the Federal Employers' Liability Act, 45 U.S.C. S 55 (2002). The Magistrate Judge granted PMD leave to file the counterclaim. In re Complaint of PMD Enters., No. 00-0161 (D.N.J. Dec. 14, 2000) (Magistrate Judge's decision). McLaughlin did not attempt to appeal the decision to the

District Court. PMD filed the counterclaim asking that McLaughlin compensate it for the loss of the ship.

In May 2001, Lamonica and Cape May Foods moved in the District Court for summary judgment against McLaughlin, and McLaughlin in turn moved to dismiss PMD's counterclaim. In October 2001, the District Court granted summary judgment to Lamonica and Cape May Foods and, construing McLaughlin's motion as one for summary judgment, denied summary judgment to McLaughlin on PMD's counterclaim. In re Complaint of PMD Enters., No. 00-0161, slip op. at 1 (D.N.J. Oct. 22, 2001).

3

In denying McLaughlin's motion for summary judgment, the District Court found that there were genuine issues of fact regarding the cause of the ship's sinking, in particular, whether Captain McLaughlin had left the hatches and engine room doors open. Id. at 18. This appeal followed.1

II.

JURISDICTION

McLaughlin frames her appeal as an interlocutory appeal in admiralty pursuant to 28 U.S.C. S 1292(a)(3). Denials of summary judgment, like most other non-final orders of district courts, are generally not appealable except as interlocutory appeals under 28 U.S.C. S 1292. See, e.g., Chambers Dev. Co. v. Passaic County Utils. Auth., 62 F.3d 582, 584 (3d Cir. 1995) ("We will not review an order denying a motion for summary judgment."). See also Thypin Steel Co. v. Asoma Corp., 215 F.3d 273, 279 (2d Cir. 2000) ("Section 1292(a) is an exception to the general rule of finality stated in S 1291 . . . ."). McLaughlin, however, contends that because this is an interlocutory appeal in admiralty, it can be brought under S 1292(a)(3), which reads as follows:

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:

---

1. Although it is evident that McLaughlin argues that PMD should not be able to file a counterclaim against a seaman (living or deceased), it is unclear whether McLaughlin is appealing (a) the Magistrate Judge's order allowing PMD's counterclaim or (b) the District Court's denial of summary judgment. McLaughlin argues that under this court's decision in Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (declining to adopt the rule that a party waives the right to appeal a magistrate judge's report by failing to timely file objections to the report pursuant to 28 U.S.C. S 636), she cannot be denied the right to appeal the order of the Magistrate Judge allowing PMD's counterclaim notwithstanding her failure to object to the order. Whether McLaughlin is appealing the Magistrate Judge's order to allow the counterclaim or the District Court's decision to deny summary judgment, the result is the same as neither qualifies as an interlocutory appeal under S 1292(a)(3).

. . . .

   (3) Interlocutory decrees of such district courts or
   the judges thereof determining the rights and liabilities
   of the parties to admiralty cases in which appeals from
   final decrees are allowed.

28 U.S.C. S 1292(a).

We have interpreted this statute narrowly to allow"an
appeal in admiralty after a determination of liability but
before the assessment of damages." Burgbacher v. Univ. of
Pittsburgh, 860 F.2d 87, 88 (3d Cir. 1988). See also In re
Complaint of Nautilus Motor Tanker Co., 85 F.3d 105, 110
n.3 (3d Cir. 1996) ("The purpose of [S 1292(a)(3)] is to allow
a party found liable in an admiralty proceeding to take an
immediate appeal without submitting to a protracted trial of
the damage issues.") (citing 2 Thomas J. Schoenbaum,
Admiralty and Maritime Law S 21-13 (2d ed. 1994)); United
States v. The Lake George, 224 F.2d 117, 119 (3d Cir.
1955) ("[T]he statute [S 1292(3), current version at
S 1292(a)(3)] permits an appeal in avoidance of the expense
and delay of finding damages which may not be recovered
. . . [but i]t is settled . . . that the statute does not cover all
interlocutory orders . . . . The allowance of appeals under
the statute appears . . . to attend upon the final
determination of rights and liabilities, or at least upon the
determination of substantial rights of the parties,
particularly where there is an immediacy of prejudicial
effect.").

Our case law on interlocutory appeals in admiralty
establishes that the language of S 1292(a)(3) regarding a
final determination of rights and liabilities applies to
situations such as the dismissal of parties from the
litigation, grants of summary judgment (even if not to all
parties), and other cases where a claim has somehow been
terminated. "[T]he order appealed from must conclusively
determine the merits of a claim or defense." Kingstate Oil v.
M/V Green Star, 815 F.2d 918, 921 (3d Cir. 1987). For
example, in Jones & Laughlin Steel, Inc. v. Mon River
Towing, Inc., 772 F.2d 62, 64 & n.1 (3d Cir. 1985), we
allowed an interlocutory appeal in admiralty after one of the
defendants was dismissed from the action for lack of

subject matter jurisdiction. In Nautilus Motor , 85 F.3d at
109-10, we granted an appeal following the grant of
judgment for the counterclaim, even though the principal
claim had not been conclusively decided. As we have
previously stated, interlocutory appeals in admiralty apply
"to any order which finally determines the liability of a
party even if the order leaves unresolved an issue which
may ultimately preclude recovery by a particular plaintiff."

Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 945 n.1 (3d Cir. 1985) (emphasis in original).

Applying this narrow interpretation of S 1292(a)(3), we have on occasion rejected an interlocutory appeal in admiralty. In Lake George, we rejected an interlocutory appeal of an order that dismissed one of four grounds for liability because the "liability of the vessel to forfeiture ha[d] yet to be determined," and thus the order did not fix liability or "determine or affect substantial rights." 224 F.2d at 119. Similarly, in Burgbacher, we held an interlocutory appeal of a decision denying summary judgment to the defendants in an admiralty case did not meet the statutory standard. 860 F.3d at 88. We explained that because the ruling did not make a liability determination, S 1292(a)(3) did not apply. Id.

Our interpretation of S 1292(a)(3) comports with the interpretations of our sister courts of appeals. See, e.g., 29 James W. Moore, Moore's Federal PracticeS 710.05, at 710-16 to 17 (3d ed. 2002) (stating that most courts of appeal construe S 1292(a)(3) "narrowly," interpreting it to "permit[ ] interlocutory appeal[s] when rights and liabilities have been determined between two of a number of parties, notwithstanding that disputes remain between one of them and others"); 2 Thomas J. Schoenbaum, Admiralty and Maritime Law S 21-12, at 559 (3d ed. 2001) ("The purpose of [S 1292(a)(3)] is to allow a party found liable in an admiralty proceeding to take an immediate appeal without submitting to a protracted trial of the damage issues, but the procedure is also fully applicable when a claim against one or more parties is dismissed on the merits.") (citations omitted).

Here, McLaughlin is attempting to appeal a denial of summary judgment that she sought in order to dismiss

6

PMD's counterclaim against her. The question then is whether this denial of summary judgment "determin[es] the rights and liabilities of the parties." S 1292(a)(3). In Burgbacher, the parents of a student who died while working for the University of Pittsburgh on a "semester at sea" program, sued the university, the owner of the ship on which he was working, and a physician onboard the ship. The parents filed suit based in part on Pennsylvania's Survival Act and the Death on the High Seas Act. 860 F.2d at 88. Some of the defendants moved for summary judgment on the ground that the parents' claims were barred by state workers' compensation laws and could not be asserted under the Pennsylvania Survival Act. The district court denied the motion. The moving defendants appealed, contending this was the type of interlocutory appeal in admiralty covered by S 1292(a)(3). We disagreed and dismissed the appeal for lack of jurisdiction based on the following reasoning:

        The case law construing the statute does not take a

particularly expansive view of the subsection because
the traditional interpretation of the statute was that it
permitted an appeal in admiralty after a determination
of liability but before the assessment of damages. See
Petition of Bave, 314 F.2d 335 (3d Cir. 1963); Francis
v. Forest Oil Corp., 798 F.2d 147 (5th Cir. 1986). While
the case law has expanded the construction of the
statute in some respects, e.g., Kingstate Oil v. M/V
Ocean Star, 815 F.2d 918 (3d Cir. 1987), we are
satisfied that the subsection does not apply here
because a liability determination has not been made on
either claim.

To treat these rulings, though meaningful, as coming
within the statute would make every substantial legal
ruling in admiralty proceedings immediately appealable
even though liability remained undetermined. We
believe such a construction would read too much into
the statute, policy considerations aside.

Id. at 88 (footnote omitted).

In Burgbacher, we cited In re Bave, 314 F.2d 335 (3d Cir.
1963), in which, for similar reasons, we held there was no

7

appellate jurisdiction over a denial of a motion to dismiss a
limitation action in an admiralty case. We concluded that
S 1292(a)(3) did not provide appellate jurisdiction because
"the rights and liabilities of the parties ha[d] not been
determined as required by the statute." Id.  at 336.

Here, no right or liability of the parties has been
"conclusively determine[d]." Kingstate Oil, 815 F.2d at 921.
Rather, the District Court has simply allowed the case to
proceed. If, at some point in the future, PMD is successful
at trial with respect to its counterclaim, McLaughlin could
then, on appeal, press her interesting argument that there
can be no counterclaim by an employer against an
employee under the Jones Act.2

Had the District Court denied PMD the right to file the
counterclaim or had it granted summary judgment to
McLaughlin on PMD's counterclaim, the rights and
liabilities of the parties may well have been conclusively
determined, in which case the District Court's decision
would have been appealable. See Nautilis Motor , 85 F.3d at
109-10 & n.3 (finding appellate jurisdiction pursuant to
S 1292(a)(3) to consider a decision holding plaintiff liable on
defendant's counterclaim that alleged plaintiff was solely
responsible for the grounding of its tanker, but leaving
plaintiff 's limitation of liability claim pending); Bergeron v.
Elliot, 466 F.2d 514, 516 n.3 (5th Cir. 1972) (allowing
appeal of grant of summary judgment as to one of several
defendants). Cf. Jamaica Commodity Trading Co. v. Barge
Hercules, 992 F.2d 1162 (11th Cir. 1993) (per curiam)
(finding no jurisdiction to hear interlocutory appeal of grant
of summary judgment on one defendant's cross-claim

against another for indemnification because plaintiff 's claims for liability as to any defendant had not been determined). As the District Court did neither of these and

_____

2. Alternatively, had McLaughlin convinced the District Court that the denial of summary judgment "involve[d] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. S 1292(b), then we could have had jurisdiction over this appeal if we had accepted the certification. See, e.g., Yamaha Motor Corp., U.S.A. v. Calhoun , 516 U.S. 199, 204 (1996) (finding S 1292(b) applicable to admiralty cases).

8

did not otherwise determine the rights and liabilities of the parties, McLaughlin's appeal is not yet ripe for review and cannot be heard by this court. Accord Francis v. Forest Oil Corp., 798 F.2d 147, 149-50 (5th Cir. 1986) (holding that an order denying summary judgment is not appealable under S 1292(a)(3) even though it may have had"important procedural consequences"); Upper Miss. Towing Corp. v. West, 338 F.2d 823 (8th Cir. 1964) (per curiam) (holding that denial of motion for summary judgment not appealable because did not determine any rights and liabilities).3

III.

CONCLUSION

Because the District Court has not made a decision establishing the rights and liabilities of the parties, 28 U.S.C. S 1292(a)(3) does not permit an interlocutory appeal in this case. We therefore lack jurisdiction and will dismiss this appeal.

_____

3. McLaughlin also appeals the District Court's refusal to require PMD to show that Captain McLaughlin's negligence was the sole cause of the accident, as the Magistrate Judge had recommended. For the same reasons stated above, this issue is not yet appealable. The District Court's decision did not conclusively determine McLaughlin's liabilities, if any, when it decided not to require PMD to show that the accident was entirely Captain McLaughlin's fault.

Additionally, PMD, in its brief, requests that McLaughlin be assessed costs and damages pursuant to Federal Rule of Appellate Procedure 38. We will deny this request. First, PMD has not filed a separate motion for sanctions. According to the Advisory Committee's Notes to the 1994 Amendments to Rule 38, "[a] statement inserted in a party's brief that the party moves for sanctions is not sufficient notice." Fed. R. App. P. 38 advisory committee's note. Second, we do not find that McLaughlin's appeal is "wholly without merit," the standard that this court applies for an award for a frivolous appeal pursuant to Rule 38. See, e.g., Huck ex rel. Sea Air Shuttle Corp. v. Dawson, 106 F.3d 45, 52 (3d Cir. 1997); Nagle v. Alspach, 8 F.3d 141, 145 (3d Cir. 1993). Although we hold that we lack jurisdiction to hear McLaughlin's appeal, McLaughlin's reliance on the language of S 1292(a)(3) to support her appeal was not "frivolous."

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit