THE ESTATE OF Michael Scott HAGER, Sr.; Susan A. Cornell; Judith Ann Hager, as Co–Administratrices Ad Prosequendum for the Estate of Michael Scott HAGER, Sr.;

v.

LAURELTON WELDING SERVICE, INC., a body licensed to do business in the State of New Jersey; ACR Electronics, Inc., a body corporate; CM Hammar Handles AB, a foreign corporation; Givens Ocean Survival Systems Co., Inc., a body corporate; Marine Safety Corp., a body corporate licensed to do business in the State of New Jersey; Gould Pumps, a body corporate licensed to do business in the State of New Jersey; Doe(s) (1–10); John Doe(s) (1–10), individually and/or ABC Companies (11–20), a body corporate, etc.; U.S.A. Services, Inc.; Sea Gear Marine Supply, Inc., a body corporate; Fairbanks Morse Pump Corp., a body corporate,

v.

Win–Tron Electronics; Cape Cod Packing of Delaware, Inc.; Bernard Rubin; F/V Adriatic, Inc., Third–Party Defendants, (D.C. of New Jersey (Trenton): 01–cv–00859),

Estate of Douglas Michael Oland; Robert H. Oland, Administrator for the Estate of Douglas Michael Oland; Estate of Frank Janicelli, III; Frank Janicelli, Jr., as Administrator of the Estate of Frank Janicelli, III;

v.

Givens Ocean Survival Systems Co., Inc.; Marine Safety Corp.; ACR Electronics, Inc.; Sea Gear Marine Supply, Inc.; Outfitters USA; Laurelton Welding Service, Inc.; CM Hammar Handles AB (C.M. Hammar AB); Gould Pumps; John Doe(s) (1–10); ABC Companies (11–20),

v.

Cape Cod Packing of Delaware, Inc.; Bernard Rubin; F/V Adriatic, Inc.; George Evans; Win–Tron Electronics, Third–Party Defendants, (D.C. of New Jersey (Trenton): 01–cv–01191),

The Estate of Michael Scott Hager, Sr.; Susan Cornell and Judith Ann Hager, as Co–Administrators Ad Prosequendum for the Estate of Michael Scott Hager, Sr.; Estate of Douglas Michael Oland; Robert H. Oland, Administrator for the Estate of Douglas Michael

Oland; Estate of Frank Janicelli, III; Frank Janicelli, Jr., as Administrator of the Estate of Frank Janicelli, III, Appellants.

No. 03–4717.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 28, 2005.

Decided Feb. 17, 2005.

Michael E. Wilbert, Wilbert, Montenegro & Thompson, Brick Town, NJ, Christopher M. Supsie, Stein, Supsie & Hoffman, Forked River, NJ, David L. Pennington, Harvey, Pennington, Cabot, Griffith & Renneisen, Philadelphia, PA, for Appellants.

Joseph K. Cooney, Widman, Cooney & Wilson, OakHurst, NJ, Harry D. McEnroe, Heim & McEnroe, Florham Park, NJ, Peter J. Lynch, Christie, Pabarue, Mortensen & Young, Philadelphia, PA, Mark B. Lavoie, Christopher W. Costello, McDonough, Hacking & Lavoie, Boston, MA, Mark S. Kundla, Hardin, Kundla, McKeon, Poletto & Polifroni, Springfield, NJ, for Appellees.

Before SCIRICA, Chief Judge, RENDELL and FISHER, Circuit Judges.

OPINION OF THE COURT

SCIRICA, Chief Judge.

The plaintiffs in this case appeal from an order of the District Court holding that the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 761 *et seq.*, governs the action. Because we conclude we lack jurisdiction under 28 U.S.C. 1292(a)(3), we will dismiss the appeal.

This case stems from the death of four seamen, three of whom are plaintiffs' decedents, in the sinking of the clamming vessel F/V Adriatic off the New Jersey coast on January 18, 1999. In 2003, the District Court conducted a four-day pre-trial hearing to determine the site of the accident and, in turn, whether DOHSA applied to plaintiffs' claims. The District Court concluded DOHSA did apply. The practical result of this ruling was to bar plaintiffs from recovering non-pecuniary damages. *See Mobil Oil Corp. v. Higginbotham*, 436

U.S. 618, 624, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978) ("[t]he measure of damages in coastal waters will differ from that on the high seas").

We have jurisdiction under 28 U.S.C. § 1292(a)(3) to hear "interlocutory decrees ... determining the rights and liabilities of the parties to admiralty cases." Our inquiry is therefore whether the District Court's order determines the rights and liabilities of the parties within the meaning of § 1292(a)(3).

Because it is an exception to the final judgment rule, § 1292(a)(3) has traditionally been narrowly construed to allow interlocutory appeals only after liability has been determined, but before the damages phase. See United States v. The Lake George, 224 F.2d 117, 119 (3d Cir.1955); In re Bave, 314 F.2d 335, 336 (3d Cir.1963). We have allowed appeals under § 1292(a)(3) in situations where a party's claim has somehow been terminated, by dismissal, grant of summary judgment (even if not to all parties), or otherwise. See Petroleos Mexicanos Refinacion v. M.T. KING A (Ex–TBILISI), 377 F.3d 329, 336 (3d Cir.2004). Even in our most expansive exercise of appellate jurisdiction under § 1292(a)(3), we have insisted the district court order "conclusively determine" the appellant's claim. Kingstate Oil v. M/V Green Star, 815 F.2d 918, 922 (3d Cir.1987).[1]

The issue presented here is whether the District Court's ruling—that DOHSA and its exclusion of non-pecuniary damages apply to this action—constitutes a determination of the rights and liabilities of the parties under § 1292(a)(3). We were presented with essentially the same question in Burgbacher v. University of Pittsburgh, 860 F.2d 87 (3d Cir.1988). In that case, also involving death at sea and which included both state law and DOHSA claims, defendants appealed from a district court's order allowing plaintiff's claim under state law to proceed. We concluded the appeal was barred by § 1292(a)(3) and dismissed. Id. at 88. The order in the present case addresses almost precisely the same issue as Burgbacher but comes out differently on its facts, in favor of defendants rather than plaintiffs. We see no compelling reason here to deviate from Burgbacher.

Whether orders regarding limitations of damages are appealable under § 1292(a)(3) has also been considered by at least two other courts of appeals, in the context of the $500 damages cap in the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1304(5). In Bucher–Guyer AG v. M/V Incotrans Spirit, the Fifth Circuit dismissed an interlocutory appeal, ruling that "[t]he decision whether the $500 COGSA limitation on damages applies was not a decision determining the rules and liabilities of the parties. In fact, if we were to hold that $500 limit applies, we would still have to remand the case for a decision on whether the defendants were liable." 868 F.2d 734, 735 (5th Cir.1989) (citation omitted). On the other hand, in Wallis v. Princess Cruises, Inc., 306 F.3d 827 (9th Cir.2002), the Ninth Circuit concluded it did have appellate jurisdiction in such a case. The court reasoned:

1. In Kingstate we allowed an appeal from the district court's denial of a creditor's motion to have the court bestow administrative priority on certain costs incurred in preparing the vessel for liquidation. Taking the approach that we should "pierce theory and look at reality", we reasoned that if we were to dismiss, by the time of any subsequent appeal, the sale proceeds would long since have been dispersed among other creditors, making any later appeal "an empty rite." 815 F.2d at 922 (citation omitted). The facts of Kingstate are not analogous to the present matter and the case does not support plaintiff's argument that we should depart from our traditional interpretation of § 1292(a)(3).

We think that these other circuits [citing *Bucher–Guyer* and *Burgbacher*] have read § 1292(a)(3) too narrowly.... If a district court holds that a limitation of liability clause is valid and applicable, that determination will, as a practical matter, usually end the case. For example, in a COGSA case, if the district court has held that a plaintiff can recover no more than $500 if actual liability is established, an economically rational plaintiff will not ordinarily pursue the case to judgment, and the correctness of the district court's determination of applicability of the liability limitation will never be reviewed.

*Id.* at 834.

We are not persuaded by the Ninth Circuit's approach. Of course in some cases plaintiffs whose potential recovery is limited by a pre-trial ruling will decide it is not worthwhile to pursue their case to judgment. This is particularly true in a COGSA case, where a determination that the $500 limitation on damages applies makes the pursuit of most cases impractical. But it is less clear that this is true with respect to DOHSA, which, although it carves out non-pecuniary damages, still allows recovery of monetary losses. Here, plaintiffs are free to pursue their claim and appeal the order regarding DOHSA's applicability after the District Court makes a ruling conclusively determining their claim under § 1292(a)(3). If plaintiffs then prevail, the District Court can conduct any necessary proceedings to adjust the measure of damages on remand without having to repeat the liability phase of the trial. Allowing an appeal here would expand our existing jurisprudence on interlocutory appeals and would likely invite other challenges to our well-settled interpretation of § 1292(a)(3). Therefore, we see no significant gain to the efficient handling of litigation by allowing an appeal at this stage.

We will dismiss the appeal for lack of appellate jurisdiction.