**UPPER MISSISSIPPI TOWING CORPO-RATION, Appellant,**

v.

**Clifford WEST, Appellee.**

**No. 17503.**

United States Court of Appeals Eighth Circuit.

Dec. 8, 1964.

824

Harvey Goldstein, of Goldstein & Sterenfeld, New York City, and Lindquist Magnuson & Glennon, Minneapolis, Minn., for appellee.

Edward B. Hayes, of Lord, Bissell & Brook and C. R. Peterson, of Lord, Bissell & Brook, Chicago, Ill., for appellant.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

The motion of appellee to dismiss for lack of jurisdiction, from want of appealable order, is granted, and the appeal is dismissed.

The action was one brought by appellee as a seaman, against appellant as owner and operator of a merchant vessel engaged in towing on the Mississippi River, for damages and for maintenance and cure from injuries sustained during the passage of the vessel and its tow through a lock in the river, and allegedly occasioned by unseaworthiness of one of the barges on which appellee was working at the time.

The complaint showed diversity of citizenship, sought damages of $150,000 and maintenance and cure in the sum of $25,000, and demanded a jury trial. Jurisdiction was predicated expressly, however, "on the Admiralty and Maritime Laws of the United States", and liability for the injuries was claimed on the basis of unseaworthiness alone.

Appellant filed a motion for summary judgment or to strike the complaint, on the grounds (1) that appellee was without basis of claim because of settlement and release, and (2) that he was without assertability of claim in any event because of bar by limitations.

The accident had occurred in 1954. A settlement was made and a general release given by appellee in 1955. The action was instituted in 1960.

A hearing was held on the motion of appellant before Judge Nordbye, who concluded and found, in an unreported order, (1) that there was sufficient showing by appellee as to inadequacy of the settlement compensationally, and as to his having been without independent medical or legal advice therein, so as to require present denial of the first ground of the motion, but with appellant "having the right to raise the validity of the release again when the case is at trial"; and (2) that since the action was one for recovery on unseaworthiness and for maintenance and cure and not one based on the Jones Act, 46 U.S.C.A. § 688, the three-year limitation applicable to rights under that Act was not controlling, but the situation was subject to the doctrine of laches as applied in traditional maritime actions.

The parties thereupon indicated their agreement to the holding of a separate hearing on the issue of laches, and an order was entered that, on timely notice by either party, "the Court will hear evidence on this issue prior to the trial of the case on the merits". Appellee later sought to escape such a hearing by application to us for a writ of mandamus to require the court to include the issue of laches in the jury trial, which we denied. West v. Devitt, 311 F.2d 787 (C.A. 8, 1963).

A hearing was then held before Judge Devitt, with evidence being introduced by both parties upon the issue of laches, from which the court concluded and found that present denial should be made of appellant's motion as to this ground also, just as Judge Nordbye had done on the first ground. The court's memorandum and order, reported in West v. Upper Mississippi Towing Corp., 221 F. Supp. 590 (D.C.Minn.1963), declared that, while there had been delay in instituting the action which could be re-

garded as inexcusable, and which therefore was entitled to give rise to a presumption of prejudice, there was "sufficient affirmative evidence to rebut the presumption of prejudice, and defendant failed to show actual prejudice or injury resulting from the delay" (p. 592).

The court recognized, however, that there could be a possibility of prejudice, "from witnesses' lack of memory or the inability to locate other seamen who were at the scene of the accident", which might not be demonstrable until the trial, and it therefore left the way open to appellant to make renewal of its laches contention if it should develop that appellant had in fact "been placed at a significant disadvantage in asserting its defense" (p. 598). Thus, all that the court's memorandum and order did dispositively was to make denial of appellant's motion as to laches insofar as the matter had up to that point been developed, and thereby to clear the way procedurally to moving forward toward trial.

■ Recognizedly, an order denying a motion for summary judgment or to dismiss a complaint is not "a final decision", either in civil or admiralty jurisdiction, so as to entitle an appeal to be taken therefrom under 28 U.S.C.A. § 1291. Gulf States Paper Corp. v. Johnson, 269 F.2d 835 (C.A.6, 1959); Cummings v. Redeeriaktieb Transatlantic, 242 F.2d 275 (C.A.3, 1957).

■■ Nor is there jurisdiction of the appeal here under 28 U.S.C.A. § 1292(a)(3) as one from "Interlocutory decrees * * * determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed". We have recognized this statutory provision as having application primarily to situations where a determination of the rights and liabilities of the parties has been engaged in separately from a receiving of evidence on and a resolution of the question of damages. St. Louis Shipbuilding & Steel Co. v. Petroleum Barge Co., 249 F.2d 905, 907 (C.A.8, 1957). See also In re Wills Lines, Inc., 227 F.2d 509, 510 (C.A.2, 1955); Cummings v. Redeeriaktieb

Transatlantic, supra, 242 F.2d at 276 (C. A. 3, 1957). In the present situation, there was no determination of any rights and liabilities at all.

Appellant makes the artificial contention that Judge Nordbye's order amounted to an injunction and Judge Devitt's order was in effect a dissolution of the injunction, so that jurisdiction of the appeal existed under 28 U.S.C.A. § 1292 (a) (1) as one from "Interlocutory orders * * * granting, continuing, modifying, refusing or dissolving injunctions * * *". It is argued that the order of Judge Nordbye prevented the parties from trying the case until the issue of laches had been the subject of equitable determination and disposition and that the order of Judge Devitt, in carrying the question over into the trial, lifted the restraint and so was a dissolution of it.

■ Judge Nordbye's order would not in conventional concept, either on its form or in its content, be regarded as intended to constitute or as having the effect of an injunction. It did not require that the issue of laches should be heard and determined before trial of the action. Nor did it purport to bind the court to thus make disposition of the issue, but it merely provided that, on timely notice by either party, "the Court will hear evidence on this issue prior to the trial of the case on the merits". But even if the order were to be regarded as impliedly imposing a restraint on the parties and that of Judge Devitt as having lifted the restraint, the restraint or dissolution involved would not be of a character or substance which could be the subject of an appeal. Only procedural aspect or incident was here involved. No substantive right of appellant was affected. Without injury to rights, there could not be a basis for any interlocutory consideration.

Appellant is of the mistaken view that the situation here is within the holding of the Supreme Court in Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176, and Enelow

v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440. Each of these cases was a suit on an insurance policy in which the insurer made claim of right to cancellation for fraud and sought such affirmative relief. Enelow arose before and Ettelson after, the adoption of the Federal Rules of Civil Procedure, 28 U. S.C.A. In both cases the Court held that an order setting the insurer's equitable claim for hearing and disposition prior to the trial of the insured's legal claim had the effect of restraining the prosecution of the action at law and so was appealable as an interlocutory injunction. In this situation, however, as the Court noted in Ettelson, 317 U.S. at 190, 63 S.Ct. at 164, trial of the equitable claim could be determinative of the claim in the legal action, so that the insured was entitled to have reviewed whether the order had erroneously affected his substantive right to jury trial.

Here the question of laches was simply an asserted defense to appellee's legal claim. It did not and could not constitute a right on which appellant could seek affirmative relief as a claim or cause of action. The mere procedural handling of it, therefore, whether by separate hearing or in connection with the trial, would not be an affecting of any substantive right of appellant. Indeed, what Judge Devitt's order did was to the benefit of appellant. The court regarded the evidence which had been produced at the hearing as failing to establish prejudice from appellee's delay in suing, so as not to entitle appellant to defeat the claim on that ground, but as a matter of fairness it left the matter open for consideration of any prejudice which might be demonstrated at the trial. We are unable to see how appellant can have any possible reason to complain, but in any event there is nothing of a substance or character which is entitled to interlocutory review.

Appeal dismissed.