426 F.2d 1313
 Solve Roger WALLIN, Plaintiff-Appellee, Thomas J. McCrory,
James Thomas McCrory and Seahawk Enterprises,
Inc., Intervening Plaintiffs-Appellees,
v.
James H. KEEGAN, Jr., Claimant Mortgagee, v. The AMERICAN
M/V JUPITER, etc., et al., Defendants-Appellants.
 No. 28950.
 United States Court of Appeals, Fifth Circuit.
 June 12, 1970.
 
 George O. Mitchell, Miami, Fla., for appellants.
 Reginald M. Hayden, Jr., Miami, Fla., for appellees.
 Before TUTTLE, DYER and CLARK, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an interlocutory appeal in a seamen's wage claim suit from an order dismissing the shipowner's counterclaims and treating them as affirmative defenses. Because we find that this court has no jurisdiction to review the actions of the trial court at this point in the litigation, the appeal is dismissed.
 
 
 2
 Seamen Thomas and James McCrory and Solve Roger Wallin, filed an action in rem against the M/V 'Jupiter' for unpaid wages due for services performed as master, mate and engineer respectively. The defendant-shipowner answered and counterclaimed against all three plaintiffs for damages sustained because of their alleged acts of piracy and conversion of the vessel, negligent performance of duty, and breach of an agency relationship. The defendant-shipowner counterclaimed specifically against Thomas McCrory for indemnity on the wage claims of the other two plaintiff-seamen. On plaintiffs' motion, the trial court dismissed the counterclaims with the following order:
 
 
 3
 'It appearing to the Court that the subject matters of the Defendants' Counterclaims do not arise out of the same transactions or occurrences which are the subject of the original claims of the Plaintiff, SOLVE ROGER WALLIN, and Intervening Plaintiffs, THOMAS J. McCRORY, and JAMES THOMAS McCRORY, the motions of the Plaintiff SOLVE ROGER WALLIN and Intervening Plaintiffs, THOMAS J. McCRORY and JAMES THOMAS McCRORY, to dismiss the Defendants' Counterclaims are therefore granted, with the provision that said Counter-claims shall be treated and considered as affirmative defenses of the Defendants without the necessity of further responsive pleadings filed by the Defendants.'
 
 
 4
 The only arguable basis on which jurisdiction of this appeal might be based is 28 U.S.C.A. 1292(a)(3), which provides:
 
 
 5
 '(a) The courts of appeal shall have jurisdiction of appeals from: '(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.'
 
 
 6
 We therefore look to see whether the interlocutory order from which this appeal comes was a determination of the 'rights and liabilities' of the parties. The clear answer is that it was not. In a substantially similar case, the Fourth Circuit in Miskiewicz v. Goodman, 341 F.2d 828 (4th Cir. 1965) held that the phrase, 'determining the rights and liabilities of the parties,' means a determination of substantive rights. See Rogers v. Alaska S.S. Co., 249 F.2d 646 (9th Cir. 1957). The Fourth Circuit further held that the dismissal of cross-libels did not rise to the status of determining a substantive right. Applying this reasoning to the case at bar, we hold that the dismissal of the counterclaims did not determine any substantive right of the defendants and, therefore, was not appealable. See Koch-Ellis Marine Contractors, Inc. v. Phillips Petroleum Co., 219 F.2d 520 (5th Cir. 1955).
 
 
 7
 The shipowner claims that the wording of the order which mandatorily converts its counterclaims into affirmative defenses would forever bar its right to affirmative relief. No fair reading of the order produces such a result. While the transmutation of the counterclaims into affirmative defenses does operate to prevent defendants from obtaining relief against plaintiffs over and above the amount of their claims in the present suit, it does not preclude them from commencing and maintaining an independent action. See Miskiewicz v. Goodman, supra, 341 F.2d at 831. Defendants have another option. Since they claim the court acted under the misapprehension of believing the pendency of the counterclaims would require the seamen to post bonds, they can attempt to convince the trial judge to reconsider his order and permit the counterclaims to be reinstated without security under Admiralty Rule E(7). Such reconsideration is certainly within the power of the trial court until the whole case is disposed of. Cf. Thompson v. American Airlines, Inc., 422 F.2d 350 (5th Cir. 1970).
 
 
 8
 Finding no jurisdictional basis for this appeal, we make no ruling on any other contention raised regarding the form or content of the interlocutory order appealed from.
 
 This appeal is
 
 9
 Dismissed.