Emma **FRANCIS,** on Behalf of her minor children, Joseph **FRANCIS,** Andrea Francis, Jonathan Daigle and Troy Daigle, Plaintiffs-Appellees,

v.

**FOREST OIL CORP., et al.,**
**Defendants,**

**Petroleum Helicopter Inc.,**
**Defendant-Appellant.**

No. 86–4179
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 22, 1986.

---

Vance E. Ellefson, Lugenbuhl, Larzelere & Ellefson, New Orleans, La., for defendant-appellant.

David J. Dennis, Paul Colomb, Lafayette, La., for plaintiffs-appellees.

Before REAVLEY, JOHNSON, and DAVIS, Circuit Judges.

PER CURIAM.

Petroleum Helicopter Inc. ("Petroleum") appeals from a district court order, 628 F.Supp. 836, denying Petroleum's motion for summary judgment. Because of the lack of an appealable order, this Court must dismiss Petroleum's appeal.

## I.

Bradley J. Mouton, Jr. was killed on June 16, 1983, in a helicopter crash in the Gulf of Mexico over three miles off the coast of Louisiana. Plaintiffs filed the instant wrongful death action asserting claims under the Jones Act, 46 U.S.C. § 688, the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 905(b), and general maritime law. Plaintiffs sued the owner of the helicopter, Petroleum, as well as a number of other defendants.

Petroleum moved for summary judgment asserting that plaintiffs' claims were barred by a compromise and release previously executed by the administratrix and personal representative of Mouton's estate. Petroleum further asserted that any cause of action which the plaintiffs might have arose under the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 761 et seq.

The district court denied Petroleum's motion for summary judgment. The district

court concluded that the release executed by the administratrix and personal representative of Mouton's estate did not compromise plaintiffs' claims. The district court agreed with Petroleum that if the plaintiffs had a cause of action, the proper remedy was under the DOHSA. The district court concluded, however, that it would allow plaintiffs to amend their complaint to add a DOHSA claim against Petroleum. Petroleum appeals from the district court's order denying its motion for summary judgment.

## II.

■ A federal appellate court is required to examine the basis for its jurisdiction *sua sponte* if necessary. *United States v. Mendoza*, 491 F.2d 534, 536 (5th Cir.1974). An order denying a motion for summary judgment, either in civil or admiralty jurisdiction, is not an appealable final decision under 28 U.S.C. § 1291. *See e.g. Ardoin v. J. Ray McDermott & Co.*, 641 F.2d 277, 278 (5th Cir.1981); *Fluor Ocean Services, Inc. v. Hampton*, 502 F.2d 1169, 1170 (5th Cir.1974). The parties to the instant appeal contend, however, that the district court order is an appealable interlocutory decree under 28 U.S.C. § 1292(a)(3). We disagree.

■ 28 U.S.C. § 1292(a)(3) provides appellate jurisdiction over:

Interlocutory decrees of [United States] district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

Our initial inquiry under section 1292(a)(3) is whether this is, in fact, an admiralty case. Plaintiffs pleaded the suit as "a case of admiralty and maritime jurisdiction" but also requested a trial by jury. Since no right to a jury trial exists in an admiralty or maritime case, *see* Fed.R.Civ.P. 38(e), plaintiffs' pleading is inconsistent. Nevertheless, because the inconsistency is resolved in favor of denying plaintiffs' request for a jury trial, *see T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587–88 (5th Cir.),

*cert. denied*, 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983), plaintiffs' wrongful death action against Petroleum is a case in admiralty.

■ Even in admiralty cases, however, only certain interlocutory orders are appealable. To be appealable under section 1292(a)(3), the decree must determine the substantive rights and liabilities of parties to the case. *See Wallin v. Keegan*, 426 F.2d 1313, 1314 (5th Cir.1970). Section 1292(a)(3) was originally designed to permit an immediate appeal where an admiralty court first determined liability issues before receiving evidence on and resolving damages issues. *See Stark v. Texas Co.*, 88 F.2d 182 (5th Cir.1937); *see also Treasure Salvors, Inc. v. Unidentified Wrecked and Abandoned Sailing Vessel*, 640 F.2d 560, 564 (5th Cir.1981). Permitting such an appeal allowed the possibility of avoiding an oftentimes costly and protracted trial of the damages issues. 9 J. Moore, B. Ward, J. Lucas, Moore's Federal Practice ¶ 110.-19[3] (2d ed. 1985).

Despite its original purpose, section 1292(a)(3) has been applied in numerous other contexts. For example, this Court has applied section 1292(a)(3) to an otherwise unappealable order dismissing a maritime action as to only one of two defendants. *See Bergeron v. Elliot*, 466 F.2d 514, 516 n. 3 (5th Cir.1972). Similarly, this Court has permitted appeals under section 1292(a)(3) from orders dismissing on the merits only one of several separate claims for relief. *See Crews v. The Arundel Corp.*, 386 F.2d 528, 529 (5th Cir.1967); *see also Aparicio v. Swan Lake*, 643 F.2d 1109, 1111 n. 6 (5th Cir.1981) ("An order that dismisses on the merits one of several separate claims for relief is appealable under Section 1292(a)(3)."). As a general rule, whenever an order in an admiralty case dismisses a claim for relief on the merits it is appealable under section 1292(a)(3). *Walter E. Heller and Co. v. O/S SONNY V.*, 595 F.2d 968, 971 (5th Cir.1979).

Orders which do not determine parties' substantive rights or liabilities, however, are not appealable under section 1292(a)(3), even if those orders have important procedural consequences. *See generally Jensenius v. Texaco, Inc., Marine Dept.*, 639 F.2d 1342, 1343 (5th Cir.1981) (order staying action pending resolution of pending state action did not determine substantive rights and liabilities). Thus, in *Wallin v. Keegan, supra,* this Court concluded that an order dismissing a shipowner's counterclaims was not appealable under section 1292(a)(3). The Court reasoned that the district court order did not determine the shipowners' substantive rights since the shipowners could maintain their counterclaims in an independent action. 426 F.2d at 1314. Similarly, this Court has concluded that interlocutory orders rejecting particular defenses are not appealable under section 1292(a)(3). *See, e.g., Patton-Tully Transp. Co. v. Ratliff,* 715 F.2d 219, 222 (5th Cir.1983) (no interlocutory appeal from order determining plaintiff is a Jones Act seaman because it merely permitted the claim to proceed against defendant); *see also Cummings v. Redeeriaktieb Transatlantic,* 242 F.2d 275, 276 (3d Cir.1957) ("An order refusing to dismiss a libel does not settle rights or liabilities of parties.").

Applying the foregoing principles, the Eighth Circuit has concluded that an order denying a motion for summary judgment is not appealable under section 1292(a)(3). *See Upper Mississippi Towing Corp. v. West,* 338 F.2d 823 (8th Cir.1964). In Upper Mississippi, the court noted that the order denying summary judgment in that case made "no determination of any rights or liabilities at all." *Id.* at 825.

Similarly, the district court order denying Petroleum's motion for summary judgment in the instant case did not determine Petroleum's substantive liability within the meaning of section 1292(a)(3). Rather, the order merely reflects the district court's conclusion that Petroleum's compromise and settlement defense did not entitle it to judgment as a matter of law. Accordingly, Petroleum's appeal is

DISMISSED.