JAMAICA COMMODITY TRADING
COMPANY LIMITED,
Plaintiff,

v.

BARGE HERCULES; TUG CARIBE
PIONEER, Her Engines, Boilers,
etc., Defendants,

Quincy Corporation, Defendant–
Cross–Claim Plaintiff,

Burlington Northern Worldwide, Inc., De-
fendant–Cross–Claim Defendant–Cross–
Claim Plaintiff–Third Party Defendant–
Appellant,

Gulf Caribe Maritime Inc., Defendant–
Cross–Claim Plaintiff–Cross–Claim De-
fendant–Third Party Plaintiff–Appellee,

Signet Marine Group Inc.; Foss
Maritime Company,
Defendants,

Mobile Independent Stevedoring,
Inc., Defendant–Cross–Claim
Defendant,

Lineas Maritimas, Inc.; Marine Lines
International Limited,
Defendants,

Burlington Northern Railroad Company,
Third Party Defendant.

JAMAICA COMMODITY TR, Plaintiff,

v.

BARGE HERCULES; TUG CARIBE
PIONEER; Quincy Corporation,
Defendants,

Burlington Northern, Defendant–
Appellant,

Foss Maritime Co.; Signet Marine
Group, Inc., Defendants,

Gulf Caribe Maritime, Inc., Third
Party Plaintiff–Appellee.

No. 92–6395.

United States Court of Appeals,
Eleventh Circuit.

June 4, 1993.

James O.M. Womack, New Orleans, LA, for appellants.

James B. Kemp, Jr., New Orleans, LA, Gregory C. Buffalow, Mobile, AL, for Gulf Caribe Maritime, Inc.

Before FAY, COX and DUBINA, Circuit Judges.

PER CURIAM:

Plaintiff Jamaica Commodity Trading Company, Ltd., sued the owners, charterers and subcharterers of the Barge HERCULES and the Tug CARIBE PIONEER for loss of cargo, alleging negligence, unseaworthiness

and breach of obligations arising under the Carriage of Goods By Sea Act (COGSA). The charterer, defendant Gulf Caribe Maritime, Inc. (Gulf Caribe), filed a cross-claim against the subcharterer, defendant Burlington Northern Worldwide, Inc. (BNW). In its cross-claim, Gulf Caribe alleged (1) that BNW was obligated to defend and indemnify Gulf Caribe pursuant to the indemnity provisions of the Charter Party; (2) that BNW was liable for damage to the barge; and (3) that BNW was obligated as Gulf Caribe's insurer because BNW failed to have Gulf Caribe named as an assured party in its cargo policy as required by the Charter Party. Gulf Caribe then sought summary judgment on its cross-claim. The district court referred the motion for summary judgment to a magistrate judge.

The magistrate judge found that there were no genuine issues of material fact and that BNW was "obligated to defend and indemnify Gulf Caribe for any claims or liability for loss of the cargo." Magistrate's Report and Recommendation at 6–7. The magistrate also noted that BNW will be obligated to indemnify Gulf Caribe for damage to the vessel and demurrage, if BNW is found to have breached the provisions of COGSA as incorporated by the Charter Party. *Id.* at 7. In accordance with the magistrate's recommendation, the district court granted summary judgment in favor of Gulf Caribe with respect to Gulf Caribe's indemnity claims.[1]

BNW appeals the order granting summary judgment. Appellee Gulf Caribe has filed a motion to dismiss this appeal for lack of jurisdiction. BNW argues that this court has jurisdiction to hear this interlocutory appeal in this admiralty case pursuant to 28 U.S.C. § 1292(a)(3). Gulf Caribe contends that 28 U.S.C. § 1292(a)(3) does not confer jurisdiction upon this court to hear this appeal, because the order granting summary judgment on the cross-claim is not a final determination of the parties' rights and liabilities.

Section 1292(a)(3) extends to this court jurisdiction of appeals from "[i]nterlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." 28 U.S.C.A. § 1292(a)(3) (West Supp.1992). As our predecessor court, the former Fifth Circuit, noted, this provision originally "was designed to apply in circumstances distinctive to admiralty where it is not uncommon for a court to enter an order finally determining the issues of liability between the parties and then to refer the case to a master for a determination of damages."[2] *Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel,* 640 F.2d 560, 564 (5th Cir.1981). This court and its predecessor have applied this statute beyond this original purpose only where the interlocutory order appealed has "the effect of ultimately determining the rights and obligations of the parties." *Treasure Salvors,* 640 F.2d at 564; *see, e.g., Nichols v. Barwick,* 792 F.2d 1520 (11th Cir.1986) (order determining plaintiff's claims appealable although defendants' third-party complaint remains); *Gulf Towing Co. v. Steam Tanker, Amoco New York,* 648 F.2d 242, 244 (5th Cir. Unit B 1981) (order appealable although cross-claims between defendants remain); *Aparicio v. Swan Lake,* 643 F.2d 1109, 1113 n. 6 (5th Cir. Unit A 1981) (order dismissing claims on the merits appealable); *Walter E. Heller & Co. v. O/S Sonny V.,* 595 F.2d 968, 970–71 (5th Cir.1979) (order granting summary judgment appealable although counterclaim remains).

Here, the order granting summary judgment on this cross-claim does not ultimately determine the rights and liabilities of the parties. The order does determine that BNW must defend and indemnify Gulf Caribe. However, the order does not determine the plaintiff's underlying claims against these defendants for loss of cargo, nor does it determine the liability of BNW for vessel damage. As the magistrate recognized, "the extent of BNW's liability for cargo loss and

---

1. The court also denied Gulf Caribe's request that BNW be required to post substitute security.

2. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) *(en banc),* this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

vessel damage cannot be completely determined until the negligence, unseaworthiness, and COGSA claims have been adjudicated." Magistrate's Report and Recommendation at 5.

Because the order here is not a final determination of the rights and liabilities of the parties, § 1292(a)(3) does not afford us jurisdiction to entertain this interlocutory appeal. Accordingly, we grant Appellee Gulf Caribe's motion to dismiss. The appeal is DISMISSED for lack of jurisdiction.