In the Matter of the COMPLAINT OF PMD ENTERPRISES, INC., as owner of the Vessel Beth Dee Bob, for exoneration from and limitation of liability.

Lisa McLaughlin, as wife and Personal Representative of the Estate of Edward J. McLaughlin, Deceased, Appellant,

v.

Cape May Foods, Inc. and Peter A. Lamonica.

No. 01–4144.

United States Court of Appeals, Third Circuit.

Argued July 24, 2002.

Filed Aug. 21, 2002.

Marvin I. Barish (Argued), Marvin I. Barish Law Offices, Philadelphia, PA, for Appellant.

David R. Hornig (Argued), Julia M. Moore, Nicoletti, Hornig, Campise & Sweeney, New York City, for Appellees.

Before: SLOVITER, NYGAARD and BARRY, Circuit Judges.

**OPINION OF THE COURT**

SLOVITER, Circuit Judge.

Lisa McLaughlin, widow of Captain Edward McLaughlin and representative of his estate, appeals the denial of summary judgment on a counterclaim asserted by defendant PMD Enterprises, her late husband's employer. McLaughlin predicates our jurisdiction over the District Court's order denying her motion to dismiss the counterclaim on 28 U.S.C. § 1292(a)(3) (2002), which allows for interlocutory appeals in admiralty. Because we conclude that § 1292(a)(3) does not permit an inter-

locutory appeal under the facts of this case, we shall dismiss this appeal for lack of jurisdiction.

## I.

## FACTS AND PROCEDURE

On January 6, 1999, the clamming vessel Beth Dee Bob sunk off the coast of New Jersey. All four crew members died, including Captain McLaughlin. At the time, the ship was returning home fully loaded with seventy cages of clams.

The Beth Dee Bob was owned by PMD Enterprises, the employer of the crew members. Peter Lamonica owns fifty percent of PMD and also owns fifty percent of Cape May Foods.

On March 31, 1999, Lisa McLaughlin filed a wrongful death suit against PMD under the Jones Act, 46 U.S.C.App. § 688 (2002), in the United States District Court for the Eastern District of Pennsylvania. PMD filed a petition for limitation of liability in the United States District Court for the Eastern District of New York on May 7, 1999, which was transferred to the Eastern District of Pennsylvania and then consolidated with the wrongful death suit. McLaughlin then filed essentially the same wrongful death action against Cape May Foods in the Eastern District of Pennsylvania. The district court in Pennsylvania dismissed the complaint against PMD for lack of personal jurisdiction and transferred the remaining actions to the United States District Court for the District of New Jersey.

On December 1, 1999, McLaughlin filed a separate wrongful death action against Peter Lamonica alleging that his negligence was the cause of Captain McLaughlin's death. This action was consolidated with the limitation action and the wrongful death action against Cape May Foods. Thereafter, the case was assigned to a magistrate judge.

In October 2000, PMD requested leave to file a counterclaim against McLaughlin for property loss sustained when the ship sank allegedly due to Captain McLaughlin's negligence. McLaughlin objected to the request, claiming that shipowners were barred from suing employees for negligence under the Jones Act and the Federal Employers' Liability Act, 45 U.S.C. § 55 (2002). The Magistrate Judge granted PMD leave to file the counterclaim. *In re Complaint of PMD Enters.*, No. 00–0161 (D.N.J. Dec. 14, 2000) (Magistrate Judge's decision). McLaughlin did not attempt to appeal the decision to the District Court. PMD filed the counterclaim asking that McLaughlin compensate it for the loss of the ship.

In May 2001, Lamonica and Cape May Foods moved in the District Court for summary judgment against McLaughlin, and McLaughlin in turn moved to dismiss PMD's counterclaim. In October 2001, the District Court granted summary judgment to Lamonica and Cape May Foods and, construing McLaughlin's motion as one for summary judgment, denied summary judgment to McLaughlin on PMD's counterclaim. *In re Complaint of PMD Enters.*, No. 00–0161, slip op. at 1 (D.N.J. Oct. 22, 2001).

In denying McLaughlin's motion for summary judgment, the District Court found that there were genuine issues of fact regarding the cause of the ship's sinking, in particular, whether Captain McLaughlin had left the hatches and engine room doors open. *Id.* at 18. This appeal followed.[1]

---

1. Although it is evident that McLaughlin argues that PMD should not be able to file a counterclaim against a seaman (living or deceased), it is unclear whether McLaughlin is

## II.

## JURISDICTION

McLaughlin frames her appeal as an interlocutory appeal in admiralty pursuant to 28 U.S.C. § 1292(a)(3). Denials of summary judgment, like most other non-final orders of district courts, are generally not appealable except as interlocutory appeals under 28 U.S.C. § 1292. *See, e.g., Chambers Dev. Co. v. Passaic County Utils. Auth.*, 62 F.3d 582, 584 (3d Cir.1995) ("We will not review an order denying a motion for summary judgment."). *See also Thypin Steel Co. v. Asoma Corp.*, 215 F.3d 273, 279 (2d Cir.2000) ("Section 1292(a) is an exception to the general rule of finality stated in § 1291...."). McLaughlin, however, contends that because this is an interlocutory appeal in admiralty, it can be brought under § 1292(a)(3), which reads as follows:

(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:

....

(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

28 U.S.C. § 1292(a).

■ We have interpreted this statute narrowly to allow "an appeal in admiralty after a determination of liability but before the assessment of damages." *Burgbacher v. Univ. of Pittsburgh*, 860 F.2d 87, 88 (3d Cir.1988). *See also In re Complaint of Nautilus Motor Tanker Co.*, 85 F.3d 105, 110 n. 3 (3d Cir.1996) ("The purpose of [§ 1292(a)(3)] is to allow a party found liable in an admiralty proceeding to take an immediate appeal without submitting to a protracted trial of the damage issues.") (citing 2 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 21–13 (2d ed.1994)); *United States v. The Lake George*, 224 F.2d 117, 119 (3d Cir.1955) ("[T]he statute [§ 1292(a)(3), current version at § 1292(a)(3)] permits an appeal in avoidance of the expense and delay of finding damages which may not be recovered ... [but i]t is settled ... that the statute does not cover all interlocutory orders.... The allowance of appeals under the statute appears ... to attend upon the final determination of rights and liabilities, or at least upon the determination of substantial rights of the parties, particularly where there is an immediacy of prejudicial effect.").

■ Our case law on interlocutory appeals in admiralty establishes that the language of § 1292(a)(3) regarding a final determination of rights and liabilities applies to situations such as the dismissal of parties from the litigation, grants of summary judgment (even if not to all parties), and other cases where a claim has somehow been terminated. "[T]he order appealed from must conclusively determine the merits of a claim or defense." *Kingstate Oil v. M/V Green Star*, 815 F.2d 918, 921 (3d

appealing (a) the Magistrate Judge's order allowing PMD's counterclaim or (b) the District Court's denial of summary judgment. McLaughlin argues that under this court's decision in *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir.1987) (declining to adopt the rule that a party waives the right to appeal a magistrate judge's report by failing to timely file objections to the report pursuant to 28 U.S.C. § 636), she cannot be denied the right to appeal the order of the Magistrate Judge allowing PMD's counterclaim notwithstanding her failure to object to the order. Whether McLaughlin is appealing the Magistrate Judge's order to allow the counterclaim or the District Court's decision to deny summary judgment, the result is the same as neither qualifies as an interlocutory appeal under § 1292(a)(3).

Cir.1987). For example, in *Jones & Laughlin Steel, Inc. v. Mon River Towing, Inc.*, 772 F.2d 62, 64 & n. 1 (3d Cir.1985), we allowed an interlocutory appeal in admiralty after one of the defendants was dismissed from the action for lack of subject matter jurisdiction. In *Nautilus Motor*, 85 F.3d at 109–10, we granted an appeal following the grant of judgment for the counterclaim, even though the principal claim had not been conclusively decided. As we have previously stated, interlocutory appeals in admiralty apply "to any order which finally determines the liability of a party even if the order leaves unresolved an issue which may ultimately preclude recovery by a particular plaintiff." *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 945 n. 1 (3d Cir.1985) (emphasis in original).

Applying this narrow interpretation of § 1292(a)(3), we have on occasion rejected an interlocutory appeal in admiralty. In *Lake George*, we rejected an interlocutory appeal of an order that dismissed one of four grounds for liability because the "liability of the vessel to forfeiture ha[d] yet to be determined," and thus the order did not fix liability or "determine or affect substantial rights." 224 F.2d at 119. Similarly, in *Burgbacher*, we held an interlocutory appeal of a decision denying summary judgment to the defendants in an admiralty case did not meet the statutory standard. 860 F.2d at 88. We explained that because the ruling did not make a liability determination, § 1292(a)(3) did not apply. *Id.*

Our interpretation of § 1292(a)(3) comports with the interpretations of our sister courts of appeals. *See, e.g.*, 29 James W. Moore, *Moore's Federal Practice* § 710.05, at 710–16 to 17 (3d ed. 2002) (stating that most courts of appeals construe § 1292(a)(3) "narrowly," interpreting it to "permit[ ] interlocutory appeal[s] when

rights and liabilities have been determined between two of a number of parties, notwithstanding that disputes remain between one of them and others"); 2 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 21–12, at 559 (3d ed. 2001) ("The purpose of [§ 1292(a)(3)] is to allow a party found liable in an admiralty proceeding to take an immediate appeal without submitting to a protracted trial of the damage issues, but the procedure is also fully applicable when a claim against one or more parties is dismissed on the merits.") (citations omitted).

■ Here, McLaughlin is attempting to appeal a denial of summary judgment that she sought in order to dismiss PMD's counterclaim against her. The question then is whether this denial of summary judgment "determin[es] the rights and liabilities of the parties." § 1292(a)(3). In *Burgbacher*, the parents of a student who died while working for the University of Pittsburgh on a "semester at sea" program, sued the university, the owner of the ship on which he was working, and a physician onboard the ship. The parents filed suit based in part on Pennsylvania's Survival Act and the Death on the High Seas Act. 860 F.2d at 88. Some of the defendants moved for summary judgment on the ground that the parents' claims were barred by state workers' compensation laws and could not be asserted under the Pennsylvania Survival Act. The district court denied the motion. The moving defendants appealed, contending this was the type of interlocutory appeal in admiralty covered by § 1292(a)(3). We disagreed and dismissed the appeal for lack of jurisdiction based on the following reasoning:

The case law construing the statute does not take a particularly expansive view of the subsection because the traditional interpretation of the statute was that it permitted an appeal in admiralty after a

determination of liability but before the assessment of damages. *See Petition of Bave*, 314 F.2d 335 (3d Cir.1963); *Francis v. Forest Oil Corp.*, 798 F.2d 147 (5th Cir.1986). While the case law has expanded the construction of the statute in some respects, *e.g., Kingstate Oil v. M/V Green Star*, 815 F.2d 918 (3d Cir.1987), we are satisfied that the subsection does not apply here because a liability determination has not been made on either claim.

To treat these rulings, though meaningful, as coming within the statute would make every substantial legal ruling in admiralty proceedings immediately appealable even though liability remained undetermined. We believe such a construction would read too much into the statute, policy considerations aside.

*Id.* at 88 (footnote omitted).

In *Burgbacher*, we cited *In re Bave*, 314 F.2d 335 (3d Cir.1963), in which, for similar reasons, we held there was no appellate jurisdiction over a denial of a motion to dismiss a limitation action in an admiralty case. We concluded that § 1292(a)(3) did not provide appellate jurisdiction because "the rights and liabilities of the parties ha[d] not been determined as required by the statute." *Id.* at 336.

Here, no right or liability of the parties has been "conclusively determine[d]." *Kingstate Oil*, 815 F.2d at 921. Rather, the District Court has simply allowed the case to proceed. If, at some point in the future, PMD is successful at trial with respect to its counterclaim, McLaughlin could then, on appeal, press her interesting argument that there can be no counterclaim by an employer against an employee under the Jones Act.[2]

Had the District Court denied PMD the right to file the counterclaim or had it granted summary judgment to McLaughlin on PMD's counterclaim, the rights and liabilities of the parties may well have been conclusively determined, in which case the District Court's decision would have been appealable. *See Nautilus Motor*, 85 F.3d at 109–10 & n. 3 (finding appellate jurisdiction pursuant to § 1292(a)(3) to consider a decision holding plaintiff liable on defendant's counterclaim that alleged plaintiff was solely responsible for the grounding of its tanker, but leaving plaintiff's limitation of liability claim pending); *Bergeron v. Elliot*, 466 F.2d 514, 516 n. 3 (5th Cir.1972) (allowing appeal of grant of summary judgment as to one of several defendants). *Cf. Jamaica Commodity Trading Co. v. Barge Hercules*, 992 F.2d 1162 (11th Cir. 1993) (per curiam) (finding no jurisdiction to hear interlocutory appeal of grant of summary judgment on one defendant's cross-claim against another for indemnification because plaintiff's claims for liability as to any defendant had not been determined). As the District Court did neither of these and did not otherwise determine the rights and liabilities of the parties, McLaughlin's appeal is not yet ripe for review and cannot be heard by this court. *Accord Francis v. Forest Oil Corp.*, 798 F.2d 147, 149–50 (5th Cir.1986) (holding that an order denying summary judgment is not appealable under § 1292(a)(3) even though it may have had "important procedural consequences"); *Upper Miss. Towing Corp. v. West*, 338 F.2d 823 (8th Cir. 1964) (per curiam) (holding that denial of

---

**2.** Alternatively, had McLaughlin convinced the District Court that the denial of summary judgment "involve[d] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), then we could have had jurisdiction over this appeal if we had accepted the certification. *See, e.g., Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 204, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996) (finding § 1292(b) applicable to admiralty cases).

motion for summary judgment not appealable because did not determine any rights and liabilities).[3]

## III.

## CONCLUSION

Because the District Court has not made a decision establishing the rights and liabilities of the parties, 28 U.S.C. § 1292(a)(3) does not permit an interlocutory appeal in this case. We therefore lack jurisdiction and will dismiss this appeal.

---

**3.** McLaughlin also appeals the District Court's refusal to require PMD to show that Captain McLaughlin's negligence was the sole cause of the accident, as the Magistrate Judge had recommended. For the same reasons stated above, this issue is not yet appealable. The District Court's decision did not conclusively determine McLaughlin's liabilities, if any, when it decided not to require PMD to show that the accident was entirely Captain McLaughlin's fault.

Additionally, PMD, in its brief, requests that McLaughlin be assessed costs and damages pursuant to Federal Rule of Appellate Procedure 38. We will deny this request. First, PMD has not filed a separate motion for sanctions. According to the Advisory Committee's Notes to the 1994 Amendments to Rule 38, "[a] statement inserted in a party's brief that the party moves for sanctions is not sufficient notice." Fed.R.App.P. 38 advisory committee's note. Second, we do not find that McLaughlin's appeal is "wholly without merit," the standard that this court applies for an award for a frivolous appeal pursuant to Rule 38. See, e.g., Huck ex rel. Sea Air Shuttle Corp. v. Dawson, 106 F.3d 45, 52 (3d Cir. 1997); Nagle v. Alspach, 8 F.3d 141, 145 (3d Cir.1993). Although we hold that we lack jurisdiction to hear McLaughlin's appeal, McLaughlin's reliance on the language of § 1292(a)(3) to support her appeal was not "frivolous."