# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2010

Lyle W. Cayce
Clerk

No. 10-30148

STEPHEN MARSHALL GABARICK, on Behalf of Himself and All Others
Similarly Situated; ET AL

Plaintiffs

v.

LAURIN MARITIME (AMERICA), INC.; ET AL,

Defendants

---------------------------------------------------------------------------------------------------

AUSTIN SICARD; ET AL

Plaintiffs

v.

LAURIN MARITIME (AMERICA) INC; WHITEFIN SHIPPING CO.
LIMITED

Defendants – Appellees

v.

AMERICAN COMMERCIAL LINES, L.L.C.

Appellant

---------------------------------------------------------------------------------------------------

WHITEFIN SHIPPING CO. LIMITED, As Owner and Managing Owner of
the M/V Tintomara, Petitioning for Exoneration from or Limitation of
Liability; LAURIN MARITIME (AMERICA) INC, As Owner and Managing
Owner of the M/V Tintomara, Petitioning for Exoneration from or Limitation
of Liability; LAURIN MARITIME AB; ANGLO-ATLANTIC STEAMSHIP
LIMITED

Petitioners – Appellees

No. 10-30148

v.

AMERICAN COMMERCIAL LINES, L.L.C.

Appellant

--------------------------------------------------------------------------------------------------

GEORGE C. MCGEE; ET AL,

Plaintiffs

v.

LAURIN MARITIME (AMERICA), INC.; WHITEFIN SHIPPING CO. LIMITED,

Defendants – Appellees

v.

AMERICAN COMMERCIAL LINES, L.L.C.,

Defendant – Appellant

--------------------------------------------------------------------------------------------------

BERNADETTE GLOVER, on Behalf of Herself and all Others Similarly Situated,

Plaintiff

v.

LAURIN MARITIME (AMERICA), INC.; WHITEFIN SHIPPING CO. LIMITED,

Defendants – Appellees

v.

AMERICAN COMMERCIAL LINES, L.L.C.,

Appellant

--------------------------------------------------------------------------------------------------

AMERICAN COMMERCIAL LINES, L.L.C., As Owner of Barge DM-932, Praying for Exoneration from or Limitation of Liability

Petitioner – Appellant

2

No. 10-30148

v.

CSILLA FEKETE; ET AL,

Defendants

v.

LAURIN MARITIME AB; WHITEFIN SHIPPING CO. LIMITED; ANGLO-ATLANTIC STEAMSHIP LIMITED, LAURIN MARITIME (AMERICA) INC.

Movants – Appellees
-------------------------------------------------------------------------------------------
JEFFERSON MAGEE, Individually and on Behalf of All Others Similarly Situated; ET AL,

Plaintiffs

v.

AMERICAN COMMERCIAL LINES, L.L.C.,

Appellant

v.

WHITEFIN SHIPPING CO. LIMITED; LAURIN MARITIME AB,

Defendants – Appellees
-------------------------------------------------------------------------------------------
JAMES ROUSSELL; ET AL,

Plaintiffs

v.

LAURIN MARITIME (AMERICA), INC.; WHITEFIN SHIPPING CO. LIMITED,

Defendants – Appellees

v.

AMERICAN COMMERCIAL LINES, L.L.C.,

Appellant

3

No. 10-30148

-------------------------------------------------------------------------------------------------

JAMES JOSEPH, on Behalf of Himself and All Others Similarly Situated,

Plaintiff

v.

LAURIN MARITIME (AMERICA), INC.; WHITEFIN SHIPPING CO. LIMITED,

Defendants – Appellees

v.

AMERICAN COMMERCIAL LINES, L.L.C.,

Appellant

-------------------------------------------------------------------------------------------------

VINCENT GRILLO, Individually and on Behalf of All Others Similarly Situated; ET AL,

Plaintiffs

v.

AMERICAN COMMERCIAL LINES, L.L.C.,

Appellant

v.

WHITEFIN SHIPPING CO. LIMITED; LAURIN MARTIME AB,

Defendants – Appellees

-------------------------------------------------------------------------------------------------

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,

Plaintiff

v.

AMERICAN COMMERCIAL LINES, L.L.C.

Defendant – Appellant

v.

4

No. 10-30148

ANGLO-ATLANTIC STEAMSHIP LIMITED; LAURIN MARITIME AB; LAURIN MARITIME (AMERICA), INC.; WHITEFIN SHIPPING CO. LIMITED,

Defendants – Appellees

--------------------------------------------------------------------------------------------

DRD TOWING COMPANY, INC., as Owner Pro Hac Vice or Alleged Owner Pro Hac Vice of the M/V Mel Oliver,

Petitioner

v.

MURACIN VILCEUS; ET AL,

Defendants

v.

AMERICAN COMMERCIAL LINES, L.L.C.,

Claimant – Appellant

v.

LAURIN MARITIME AB; WHITEFIN SHIPPING CO. LIMITED; ANGLO-ATLANTIC STEAMSHIP LIMITED; LAURIN MARITIME (AMERICA), INC.,

Movants – Appellees

--------------------------------------------------------------------------------------------

DONNETTA CHERAMIE, Individually and on Behalf of All Others Similarly Situated,

Plaintiff

v.

AMERICAN COMMERCIAL LINES, L.L.C.,

Appellant

v.

WHITEFIN SHIPPING CO. LIMITED; LAURIN MARITIME AB,

5

No. 10-30148

Defendants – Appellees

-------------------------------------------------------------------------------------------------

TRI NATIVE CONTRACTORS, INC.; ET AL,

Plaintiffs

v.

AMERICAN COMMERCIAL LINES, L.L.C.,

Appellant

v.

WHITEFIN SHIPPING CO. LIMITED; LAURIN MARITIME AB,

Defendants – Appellees

-------------------------------------------------------------------------------------------------

AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the M/V Mel Oliver
Praying for Exoneration from or Limitation of Liability,

Petitioner – Appellant

v.

JAHDA MUHAMMAD,

Defendant

v.

LAURIN MARITIME (AMERICA), INC.; LAURIN MARITIME AB;
WHITEFIN SHIPPING CO. LIMITED; ANGLO-ATLANTIC STEAMSHIP
LIMITED,

Movants – Appellees

-------------------------------------------------------------------------------------------------

KEVIN A. PETTIGREW,

Plaintiff

v.

AMERICAN COMMERCIAL LINES, L.L.C.,

Defendant – Appellant

6

No. 10-30148

v.

LAURIN MARITIME (AMERICA), INC.; LAURIN MARITIME AB;
WHITEFIN SHIPPING CO. LIMITED; ANGLO-ATLANTIC STEAMSHIP
LIMITED,

Movants – Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-cv-4007

Before KING, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

American Commercial Lines, LLC appeals the district court's grant of partial summary judgment dismissing its claims against the Tintomara Interests under the Oil Pollution Act of 1990. Because we believe that summary judgment is premature, we reverse the district court's judgment and remand for further proceedings.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This case involves an oil spill in the Mississippi River near New Orleans, Louisiana. At approximately 1:30 a.m. on July 23, 2008, the M/V TINTOMARA, an ocean-going tanker, collided with the DM 932, an unmanned non-self-propelled barge laden with fuel oil, which was being towed by the tug M/V MEL OLIVER. At the time of the collision, the TINTOMARA was traveling down river near the west bank, and the MEL OLIVER, pushing the DM 932, was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

traveling up river. The collision caused substantial damage to the barge, and a large quantity of oil spilled into the river.

The TINTOMARA was owned and operated by Laurin Maritime (America), Inc., Laurin Maritime AB, Whitefin Shipping Co. Limited, and Anglo-Atlantic Steamship Limited (collectively, the "Tintomara Interests"). The tug, barge, and fuel oil cargo were owned by American Commercial Lines, LLC ("ACL"). The crew for the tug had been provided by D.R.D. Towing, LLC ("DRD") pursuant to a bareboat charter between ACL and DRD. No ACL personnel were aboard either the tug or the barge at the time of the collision.

Immediately following the spill, the United States Coast Guard began investigating the circumstances surrounding the collision and sent ACL a letter stating that, as owner of the DM 932, ACL "may be liable as a responsible party" under the Oil Pollution Act of 1990 ("OPA"). ACL responded that it denied liability as the responsible party and reserved all defenses, but that, as owner of the discharging vessel, it would move forward to coordinate the removal and cleanup efforts.

Within days of the spill, several suits were filed in the United States District Court for the Eastern District of Louisiana. Among them were several class actions against ACL, DRD, and the Tintomara Interests filed by parties who had been injured by the spill. In addition, ACL, DRD, and the Tintomara Interests each filed a petition seeking exoneration from or limitation of liability for all claims arising out of the spill. The district court later consolidated all of the pending actions into the first-filed action.

ACL filed a claim in the Tintomara Interests' limitation proceeding alleging that the Tintomara Interests were liable to ACL for all losses ACL incurred as a responsible party under the OPA. ACL also demanded contribution from the Tintomara Interests under the "OPA and/or the General Maritime Law of the United States." The Tintomara Interests moved for

summary judgment with respect to ACL's OPA claims because, under the OPA, ACL, as owner of the discharging vessel, is strictly liable for all removal costs and damages arising from the spill unless it can shift liability to a third party under one of several narrow available defenses. The Tintomara Interests argued that ACL's pleadings demonstrated that no material factual issues remained regarding ACL's liability and that, as a result, ACL could not shift OPA liability to the Tintomara Interests. ACL responded that its pleadings in the various pending actions were inconsistent and therefore could not constitute admissions on which the court could base factual findings. ACL further argued that summary judgment was premature because it had not had the opportunity to conduct discovery.[1]

The district court granted the Tintomara Interests' motion. The court held that "Tintomara—a non-discharging party—would be liable as a responsible party only if there was no fault on the part of ACL and no fault on the part of DRD," ACL's alleged contractual partner. The district court found that "at least some fault is attributable to the actions of DRD and/or ACL," and therefore the Tintomara Interests could not be held liable under the OPA as a matter of law. ACL then moved the district court to enter the partial summary judgment as a final order under Federal Rule of Civil Procedure 54(b) to permit it to appeal the decision. The district court denied the motion, stating that "as discovery progresses on the remaining maritime claims, the dismissal of claims for OPA contribution and subrogation could, arguably, be revisited." ACL nevertheless appeals the district court's grant of partial summary judgment as an interlocutory order.

## II.   DISCUSSION

---

[1] According to all parties, discovery in the various cases pending in the Eastern District of Louisiana had been delayed while a marine casualty investigation was being conducted by the Coast Guard.

## A.   Jurisdiction

We have jurisdiction over appeals from interlocutory orders that "determin[e] the rights and liabilities of the parties to admiralty cases."  28 U.S.C. § 1292(a)(3).  "As a general rule, whenever an order in an admiralty case dismisses a claim for relief on the merits it is appealable under Section 1292(a)(3)."  *Francis ex rel. Frances v. Forest Oil Corp.*, 798 F.2d 147, 149 (5th Cir. 1986).

We have jurisdiction to hear this appeal.  The OPA provides a distinct cause of action to all claimants injured by the oil spill. *See* 33 U.S.C. §§ 2702(b), 2713.  ACL, who has already paid many of the claims submitted by injured claimants, is subrogated to the rights of the claimants if it can demonstrate that a third party is liable under the OPA.  § 2702(d)(1)(B).  The district court's order dismissed ACL's OPA claims against the Tintomara Interests on the merits; therefore, the order is appealable under § 1292(a)(3).

## B.   Standard of Review

"We review a grant of summary judgment de novo, applying the same standard as the district court." *Addicks Servs. v. GGP–Bridgeland, LP*, 596 F.3d 286, 293 (5th Cir. 2010).  Summary judgment is proper only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).

## C.   Summary Judgment is Premature

Title I of the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701–2720, assigns strict liability to the owners and operators of vessels that discharge oil into the navigable waters of the United States.  Section 2702(a) provides that "each responsible party for a vessel or facility from which oil is discharged . . . is liable for the removal costs and damages . . . that result from such incident."  The "responsible party" for a vessel is "any person owning, operating, or demise chartering the vessel."  § 2701(32)(A).

No. 10-30148

The OPA provides a responsible party with a complete defense to liability in certain very narrow circumstances.  At issue in this case is the defense in § 2703(a)(3), which provides:

> A responsible party is not liable for removal costs of damages under Section 2702 of this title if the responsible party establishes, by a preponderance of the evidence, that the discharge or substantial threat of a discharge of oil and the resulting damages or removal costs were caused *solely* by an act or omission of a third party, *other than* . . . a third party whose act or omission occurs in connection with any contractual relationship with the responsible party. (emphasis added).

To shift OPA liability to a third party under this section, the responsible party must prove it had no fault in the spill and that it was not in a contractual relationship with any party that had any fault in the spill.[2]  If the responsible party establishes this defense, liability under the OPA shifts to the third party at fault for the spill, and the third party becomes the responsible party and is liable to all claimants under the OPA. § 2702(d)(1)(A).

ACL has alleged that the Tintomara Interests are liable third parties under the OPA.  The Tintomara Interests do not argue that ACL had any fault in the spill.  Therefore, the Tintomara Interests are entitled to summary judgment only if they can demonstrate that ACL was in a contractual relationship with a party that had some fault in the spill.

Although very little discovery has taken place, the Tintomara Interests argue that ACL has pled itself out of court by admitting that it was in a contractual relationship with DRD and that DRD had some fault in causing the collision and resulting oil spill.  Allegations in party's pleadings may constitute

---

[2]   The responsible party must also satisfy certain other requirements, including demonstrating that it "exercised due care with respect to the oil concerned, taking into consideration the characteristics of the oil and in light of all relevant facts and circumstances," and that it "took precautions against foreseeable acts or omissions of any such third party and the foreseeable consequences of those acts or omissions." § 2703(a)(3)(A)–(B).  These other requirements are not implicated in this appeal.

11

admissions in some situations; however, "one of two inconsistent pleas cannot be used as evidence in the trial of the other." *Continental Ins. Co. of New York v. Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971). Indeed, Federal Rule of Civil Procedure 8(d)(3) allows a party to "state as many separate claims or defenses as it has, regardless of consistency." Here, ACL took inconsistent positions in the various actions in the district court. Accordingly, under the circumstances presented here, the district court erred in treating the allegations in any one of ACL's many pleadings as an admission sufficient to settle an issue of fact.

Material issues of fact therefore remain regarding fault for the collision and the existence of a contractual relationship between ACL and DRD. The Tintomara Interests argue, however, that no factual issues exist regarding ACL's contractual relationship with DRD because ACL has admitted in all of its pleadings that it was in a contractual relationship with DRD. In its claim against the Tintomara Interests, ACL alleged, as part of the factual basis for its claim, that it bareboat charted the MEL OLIVER to DRD "[p]ursuant to a Master Bareboat Charter Agreement." ACL made the same allegation in the claim it filed against DRD. Although ACL does not dispute that signed contracts with DRD exist, ACL has filed a declaratory judgment action to have its contracts with DRD declared void *ab initio*.[3] According to ACL, if the contracts are declared void, then ACL and DRD will not have been in a "contractual relationship" for purposes of OPA liability. We express no opinion regarding the merits of ACL's position, but summary judgment is premature until the cases pending in the district court are further developed.

---

[3] It is undisputed that John Bavaret, a DRD employee, was alone in the wheelhouse of the MEL OLIVER at the time of the collision. Bavaret held only an apprentice mate/steersman Coast Guard license, and, under the applicable Coast Guard regulations, was not permitted to operate the tug without a licensed captain present. ACL has alleged that DRD made a regular practice of allowing unlicensed crew members, like Bavaret, to man ACL's tugs, and that ACL would not have entered into the contracts with DRD had it known of this practice.

No. 10-30148

Furthermore, neither ACL nor DRD has had the opportunity to litigate the various disputed allegations regarding fault for the collision and resulting spill. ACL has at various times alleged that the Tintomara Interests were solely at fault for the collision and that DRD was solely at fault for the collision. In its order, however, the district court assigned "at least some fault" to "DRD and/or ACL."[4] ACL agreed in its briefing to this court that it believes the actions of John Bavaret, the DRD employee at the helm of the MEL OLIVER, contributed to the collision, but it appears that in the district court DRD has disclaimed responsibility for Bavaret's actions. Because of the complex nature of this case and the unresolved relationships between the parties, we think it is premature to treat any party's mere allegations as sufficient evidence to conclude that a contractual partner of ACL had some fault in the collision such that summary judgment in favor of the Tintomara Interests is warranted. There has not been enough factual development to conclusively assign fault to any of the parties, and with further factual development, the pleadings themselves may change.

In short, the many and varied and contradictory pleadings in the district court are in their infancy and the facts are too undeveloped to make the necessary factual findings with any certainty. The district court erred in focusing on one pleading to the exclusion of all other conflicting pleadings at this early juncture. Even the district court indicated (wisely, we think) that further development might change the result of the partial summary judgment.

## III. CONCLUSION

---

[4] The district court arrived at this conclusion based on the Tintomara Interests' reference in their reply brief to the testimony of John Bavaret at the hearings held by the Coast Guard while it was investigating the collision. However, the testimony was not before the district court because the Tintomara Interests failed to submit the transcript of the testimony until after the court rendered its decision. Further, it is unclear whether the testimony is even admissible in a civil case. *See* 46 U.S.C. § 6308 ("[N]o part of a report of a marine casualty investigation . . . shall be admissible as evidence or subject to discovery in any civil or administrative proceeding."). Therefore, it was error to treat this evidence as sufficient to permit the assignment of any portion of fault to any of the parties.

13

No. 10-30148

For the foregoing reasons, we REVERSE the district court's grant of partial summary judgment in favor of the Tintomara Interests and REMAND for further proceedings.  The Tintomara Interests shall bear the costs of this appeal.