# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 1, 2013

Lyle W. Cayce
Clerk

No. 12-30809
Summary Calendar

CARY A. BAYHAM, JR.,

Plaintiff-Appellee

v.

GROSSE TETE WELL SERVICE, INCORPORATED,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-1815

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Grosse Tete Well Service, Inc. ("GTWS") files this interlocutory appeal from the district court's denial of summary judgment, on the issue of whether Plaintiff-Appellee qualifies for seaman status under the Jones Act. Plaintiff-Appellee Cary A. Bayham, Jr. was employed by GTWS as a floorhand. On December 1, 2010, Bayham was assigned to help service an inshore well in Lake Salvador owned by one of GTWS's customers. The well

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30809

exploded, causing Bayham serious burns and injury. Bayham filed suit under the Jones Act and general maritime law. GTWS filed an answer in which it asserted the affirmative defense that Bayham is not a Jones Act seaman. Thereafter, Bayham filed a motion for summary judgment seeking the district court's ruling that he is a Jones Act seaman; GTWS filed a cross-motion for summary judgment seeking the opposite ruling. The district court granted Bayham's motion for summary judgment. GTWS filed a motion for leave to appeal under 28 U.S.C. § 1292(a)(3), which the district court granted. We conclude that we do not have jurisdiction to consider a § 1292(a)(3) appeal from an interlocutory order determining that a plaintiff is a Jones Act seaman, and we therefore DISMISS this appeal.

1. This Court has jurisdiction over appeals from "[i]nterlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." § 1292(a)(3). We held in *In re Complaint of Patton-Tully Transp. Co.*, 715 F.2d 219, 222 (5th Cir. 1983), that an interlocutory determination that a plaintiff is a Jones Act seaman "does not finally determine the rights or liabilities of either party to [the] dispute" and is thus "not appealable under 28 U.S.C.A. § 1292(a)(3)." (Emphasis removed.) Here, GTWS has filed a § 1292(a)(3) appeal involving nothing other than the district court's interlocutory determination that Bayham is a Jones Act seaman.[1] Therefore, under *Patton-Tully*, this Court has no jurisdiction to consider GTWS's appeal. *See also Francis v. Forest Oil Corp.*, 798 F.2d 147, 150 (5th Cir. 1986) ("[T]his Court has concluded that interlocutory orders rejecting particular defenses are not appealable under section 1292(a)(3).") (citing *Patton-Tully*, 715 F.2d at 222).

---

[1] Indeed, GTWS itself characterizes the interlocutory appeal in this way, stating in its appeal brief that "the only matter on appeal is whether the district court erred in ruling in the first place that plaintiff is a Jones Act seaman."

No. 12-30809

2. GTWS's attestations to the contrary are unavailing. In particular, GTWS argues that Bayham has somehow waived the question of jurisdiction, namely because he already raised the issue in a separate motion for reconsideration, the district court denied that motion, and Bayham never appealed that denial. GTWS cites no law for this proposed waiver rule. At any rate, this Court has the authority and responsibility to determine the basis for our jurisdiction *sua sponte*. *Francis*, 798 F.2d at 149. Thus, GTWS's argument is inconsequential.

DISMISSED.